IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RAELYNN J. HILLHOUSE,           )    CIVIL 14-00155 LEK-BMK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
HAWAII BEHAVORIAL HEALTH,       )
LLC; GEORGE CHOPIVSKY, JR. in   )
his individual capacity,        )
                                )
          Defendants.           )
_____ )


**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
HAWAII BEHAVIORAL HEALTH, LLC'S *AMENDED* MOTION FOR
PARTIAL DISMISSAL OF COMPLAINT FILED ON MARCH 28, 2014**

     Before the Court is Defendant Hawaii Behavioral Health,

LLC's ("HBH") *Amended* Motion for Partial Dismissal of Complaint

Filed on March 28, 2014, filed on June 30, 2014.[1]  [Dkt. no. 25.]

Plaintiff Raelynn J. Hillhouse ("Plaintiff") filed her memorandum

in opposition on September 15, 2014, and HBH filed its reply on

September 22, 2014.  [Dkt. nos. 41, 43.]  The Court finds this

matter suitable for disposition without a hearing pursuant to

Rule LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules").

After careful consideration of the motion, supporting and

opposing memoranda, and the relevant legal authority, the HBH

_____

     [1] On April 29, 2014, HBH filed its Motion for Partial
Dismissal of Complaint Filed on March 28, 2014.  [Dkt. no. 10.]
The amended motion filed on June 30, 2014 superseded the original
motion, and the Court refers to it hereafter as the "HBH Motion."

Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in this Court's Order Granting in Part and Denying in Part Defendant Chopivsky's Motion for Partial Dismissal of Complaint Filed on March 28, 2014 ("Chopivsky Order").[2] [Filed 9/18/14 (dkt. no. 42).[3]] Plaintiff filed her Complaint, on March 28, 2014, against her former employer, HBH, and its majority owner, Chopivsky, in his individual capacity, asserting jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-1, *et seq*. and 28 U.S.C. § 1367. [Complaint at ¶¶ 2-4.] The Complaint focuses on a series of allegedly discriminatory and retaliatory actions, based on Plaintiff's gender and sexual orientation, beginning in July 2011, that culminated in her leaving HBH in May 2012.

The Complaint alleges the following claims: discrimination based on sex and sexual orientation, pursuant to Title VII ("Count I"); discrimination based on sex and sexual orientation, pursuant to Haw. Rev. Stat. § 378-2 ("Count II");

_____

[2] On March 28, 2014, Defendant George Chopivsky, Jr. ("Chopivsky") filed his Motion for Partial Dismissal of Complaint Filed on March 28, 2014 ("Chopivsky Motion"). [Dkt. no. 16.]

[3] The Chopivsky Order is also available at 2014 WL 4662378.

retaliation pursuant to Title VII ("Count III"); retaliation in violation of Haw. Rev. Stat. § 378-2 ("Count IV"); retaliation against a whistleblower in violation of Haw. Rev. Stat. § 378-62 ("Count V or HPWA Claim"); failure to pay wages under Haw. Rev. Stat. Chapter 388 ("Count VI"); wrongful termination/constructive discharge ("Count VII"); intentional infliction of emotional distress ("Count VIII" or "IIED Claim"); wrongful termination/constructive discharge in violation of public policy, pursuant to Parnar v. Americana Hotels, Inc., 65 Haw. 370, 652 P.2d 625 (1982) ("Count IX" or "Parnar Claim") ("Count IX"); defamation ("Count X"); interference with prospective economic advantage ("Count XI"); and invasion of privacy ("Count XII").[4] Plaintiff seeks the following relief: general and/or compensatory damages; special damages; punitive and/or liquidated or exemplary damages; attorneys' fees and costs; other legal and equitable relief available under the state and federal statutes; any other appropriate relief. [Complaint at pgs. 50-51.]

## DISCUSSION

HBH moves to dismiss all of the claims against it, except for the federal discrimination claim (Count I) and the retaliation claims (Counts III, IV and V).

---

[4] In the Chopivsky Order, the Court dismissed with prejudice Counts I, III and IX, and without prejudice Counts II, IV, V, VI and VII – all against Chopivsky only.

# I. __Counts VI and VII__

As an initial matter, similar to the Chopivsky Motion, Plaintiff does not oppose the instant motion insofar as HBH moves to dismiss Count VII for wrongful termination/constructive discharge. <u>See</u> Reply at 8 (noting Plaintiff's failure to address HBH's challenge to Count VII). The Court therefore GRANTS the HBH Motion as to Count VII, and DISMISSES that Count against HBH WITHOUT PREJUDICE. <u>See</u> <u>Harris v. Amgen, Inc.</u>, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is 'clear' that the complaint could not be saved by any amendment." (citation and internal quotation marks omitted)).

Plaintiff also concedes that she fails to state a claim against HBH in Count VI for failure to pay wages under Haw. Rev. Stat. Chapter 388, insofar as she seeks damages for accrued unpaid vacation and sick leave pay.[5] [Mem. in Opp. at 14.] Thus, the Court GRANTS the HBH Motion as to that aspect of Count VI, and DISMISSES the claim for unpaid vacation and sick leave against HBH WITH PREJUDICE because "[i]t is clear that this deficiency cannot be cured by any amendment." <u>See</u> <u>Zanze v. Snelling Servs., LLC</u>, 412 F. App'x 994, 996 (9th Cir. 2011).

Plaintiff does, however, oppose HBH's challenge to

---

[5] Instead, Plaintiff states that she plans to "seek leave of Court to re-plead this aspect of her case . . ." [Mem. in Opp. at 14.] She has until the deadline included in Section VI, *infra*, to do so.

Count VI insofar as that claim seeks damages for unpaid wages.

Haw. Rev. Stat. § 388-6 provides that "[n]o employer may deduct, retain, or otherwise require to be paid, any part or portion of any compensation earned by any employee . . . ." HBH argues that "Plaintiff does not allege that she was not properly paid the wages earned by her at the time she left her employment." [Mem. in Supp. of HBH Motion at 12.] The Court disagrees. Plaintiff alleges that "Defendants further refused to pay the full amount of Plaintiff's . . . remaining salary and bonus amounts due," [Complaint at ¶ 89,] and "wrongfully withheld Plaintiff's wages" [id. at ¶ 129]. Although she does not allege any additional details, what she does include is sufficient to plead a plausible claim under Chapter 388. See Ctr. for Cmty. Action & Envtl. Justice v. BNSF R. Co., 764 F.3d 1019 (9th Cir. 2014) ("'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (some citations and internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))).[6] The Court thus DENIES the HBH Motion as to Count VI to the extent

_____

[6] Further, the Court rejects HBH's argument that, since Plaintiff did not oppose the Chopivsky Motion as to this aspect of the claim, she has conceded that her argument has no merit here. [Reply at 8 n.3.] It is true that she did not oppose the Chopivsky Motion as to her claim for unpaid wages, but she does so now, and the argument has merit.

Plaintiff alleges HBH withheld compensation owed.[7]

## II. **Count II**

HBH argues that Count II, alleging discrimination based on sex and sexual orientation, in violation of Haw. Rev. Stat. § 378-2, should be dismissed as untimely. Haw. Rev. Stat. § 368-11(c) provides:

> No complaint shall be filed after the expiration of one hundred eighty days after the date:
>
> > (1) Upon which the alleged unlawful discriminatory practice occurred; or
> >
> > (2) Of the last occurrence in a pattern of ongoing discriminatory practice.

"The Hawaii Supreme Court has characterized this as a 'statute of limitations period' . . . ." Reyes v. HMA, Inc., Civil No. CV07-00229 SOM/KSC, 2008 WL 1883904, at *2 (D. Hawai`i Apr. 28, 2008) (quoting Sam Teague, Ltd. v. Haw. Civ. Rights Comm'n, 89 Haw. 269, 276, 971 P.2d 1104, 1111 (1999)).

HBH argues that Plaintiff did not file her charge with the Hawai`i Civil Rights Commission ("HCRC") within 180 days of the alleged sexual harassment perpetrated by former president of HBH, Alexander J. Hoinsky, in August 2011, as required by § 368-11(c)(1). [Mem. in Supp. of HBH Motion at 5-8.] Plaintiff responds that she has alleged a pattern of ongoing discrimination

---

[7] The Court does not here decide whether Chapter 388 permits recovery of any purported bonuses owed Plaintiff, in part, because neither party briefed the issue.

6

by Hoinsky and Chopivsky that continued up to May 2012 and therefore, under § 368-11(c)(2), her May 2012 charge with the HCRC was timely.[8]  [Mem. in Opp. at 8-14.]

Plaintiff alleges that Hoinsky sexually harassed her in July and August 2011, while on business trips to Hawai`i from his home in New Jersey.  [Complaint at ¶¶ 15-32.]  In the following section of the Complaint, entitled "Plaintiff's Reports of Unlawful Discrimination to Defendants," she alleges that she reported the harassment by Hoinsky to Chopivsky.  [Id. at ¶¶ 33-38.]  In the remainder of the Complaint, Plaintiff describes various actions taken by Chopivsky to harass Plaintiff and eventually force her out of HBH, including: abusing her verbally and over email; micro-managing her; undermining her authority in front of her subordinates, including Chief Financial Officer, Michael Lukson ("Lukson"); stripping her of job duties and the authority she needed in order for her and HBH to succeed; placing impossible and unhealthy demands on her and then blaming her for purported failures; forcing her to do a self-evaluation to create a record whereby Chopivsky could drive her out of HBH; involving Hoinsky in operations and decisionmaking; and actively working

---

[8] There is some dispute about whether Plaintiff actually made a formal charge in May 2012, or simply filed a Pre-Complaint Questionnaire.  The Court agrees with HBH that this dispute has no impact on the timeliness issue for the purposes of the HBH Motion.  [Mem. in Supp. of HBH Motion at 7 n.2.]

with Hoinsky and Lukson to push her out of HBH.  [Id. at ¶¶ 39-90.]

Both parties argue, and the Court agrees, that the standard set forth by the United States Supreme Court in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002), applies, see, e.g., Kosegarten v. Dep't of the Prosecuting Attorney, 892 F. Supp. 2d 1245, 1261 (D. Hawai`i 2012); White v. Pac. Media Grp., Inc., 322 F. Supp. 2d 1101, 1112-13 (D. Hawai`i 2004), and to find a "continuing violation" the Court must determine whether Plaintiff has pled a "series of separate acts that collectively constitute one 'unlawful employment practice.'" See Morgan, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)).

Based on the allegations and the structure of the Complaint, the sexual harassment by Hoinsky in July and August 2011 is distinct from the work-related and retaliatory harassment by Chopivsky from September 2011 through May 2012.  Plaintiff has not pled that Chopivsky sexually harassed her or discriminated against her on the basis of sex and sexual orientation as required by Hawai`i law.  This Court has explained:

> In order to establish a sexual harassment claim pursuant to Haw. Rev. Stat. § 378-2, a plaintiff must show that:
>
> (1) he or she was **subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct or visual forms of harassment of a sexual nature**; (2) the conduct was unwelcome; (3) the conduct

8

> was severe or pervasive; (4) the conduct had
> the purpose or effect of either: (a)
> unreasonably interfering with the claimant's
> work performance, or (b) creating an
> intimidating, hostile, or offensive work
> environment; (5) the claimant actually
> perceived the conduct as having such purpose
> or effect; and (6) the claimant's perception
> was objectively reasonable to a person of the
> claimant's gender in the same position as the
> claimant.

Mariano v. Liberty Dialysis-Hawaii, LLC, Civil No. 11-00652 LEK-

BMK, 2013 WL 560893, at *8 (D. Hawai`i Feb. 11, 2013) (emphasis

added) (quoting Nelson v. Univ. of Haw., 97 Hawai`i 376, 390, 38

P.3d 95, 109 (2001)).  Similarly, to establish a disparate

treatment discrimination claim, "a plaintiff must show that

(1) she belongs to a protected class; (2) she was qualified for

her position; (3) she was subject to an adverse employment

action; and (4) similarly situated individuals outside her

protected class were treated more favorably."  Rezentes v. Sears,

Roebuck & Co., Civ. No. 10-00054 SOM/KSC, 2010 WL 1905011, at *5

(D. Hawai`i May 10, 2010) (some citations and quotation marks

omitted) (citing Furukawa v. Honolulu Zoological Soc., 85 Hawai`i

7, 14, 936 P.2d 643, 650 (1997), for the proposition that Hawai`i

law requires similar elements to Title VII claims).

While Plaintiff inserts the word "discrimination"

throughout the Complaint, she does not allege anything of a

"sexual nature" with regard to Chopivsky, or after August 2011.

Nor does she argue, in her memorandum in opposition, that she was

9

sexually harassed by him.  Similarly, she does not allege or
argue that she was treated differently from similarly-situated
individuals.  Rather, Plaintiff broadly argues that "[t]he
allegations in the Complaint clearly state a claim for a
continuous series of related and repeated acts of harassment,
discrimination, and retaliation against Plaintiff," and that
"everything alleged by Plaintiff sprang from Mr. Hoinsky's
original misconduct and then flowed as a river-like continuum."
[Mem. in Opp. at 12, 13.]

        The Court agrees that Plaintiff has alleged both
discrimination and retaliation at HBH, but finds that there was a
clear dividing line between the two.  See, e.g., Porter v. Cal.
Dep't of Corr., 419 F.3d 885, 893 (9th Cir. 2005) (considering
"whether the earlier and later events amounted to 'the same type
of employment actions, occurred relatively frequently, [or] were
perpetrated by the same managers,'" and holding that "the
messages dispatched to Porter by Ford and the unnamed officers
are not connected to the same hostile-environment practice as the
conduct ascribed to Wheeler and DeSantis" (alteration in Porter)
(quoting Morgan, 536 U.S. 101, 116, 120, 122 S. Ct. 2061)).
Plaintiff has alleged that she was sexually harassed in July and
August 2011 by Hoinsky, that she reported the harassment to
Chopivsky in early and mid September 2011, and that Chopivsky
retaliated against her in late September 2011 through May 2012.

10

Thus, as HBH argues, Plaintiff was required to file her HCRC charge regarding Hoinsky's sexual harassment within 180 days of August 30, 2011, which would have been by February 2012. [Mem. in Supp. of HBH Motion at 7.] Plaintiff admits that she did not do so until May 2012. [Complaint at ¶ 91.] The Court therefore GRANTS the HBH Motion as to Plaintiff's state discrimination claim because the claim was untimely, and DISMISSES WITH PREJUDICE Count II against HBH.[9]

## III. **Counts VIII, X and XII**

HBH argues that Plaintiff's state tort claims for intentional infliction of emotional distress (Count VIII), defamation (Count X), and invasion of privacy (Count XII) are preempted by Hawaii's worker's compensation law. [Mem. in Supp. of HBH Motion at 16-19, 24-26, 32-34.]

Haw. Rev. Stat. § 386-1, *et seq.* protects employees who are injured at work. Specifically, Haw. Rev. Stat. § 386-5, titled "Exclusiveness of right to compensation; exception," provides:

---

[9] The Court also rejects Plaintiff's argument that her sex discrimination claim was properly exhausted based on the fact that she received a right-to-sue letter. As HBH points out, this fact does not mean that her claim was either timely or meritorious. See Haw. Rev. Stat. § 368-12 ("The commission may issue a notice of right to sue upon written request of the complainant."); Haw. Rev. Stat. § 368-13(c) (permitting complainant to sue in court even where "the executive director makes a determination that there is no reasonable cause to believe that an unlawful discriminatory practice has occurred").

> The rights and remedies herein granted to an
> employee or the employee's dependents on account
> of a work injury suffered by the employee shall
> exclude all other liability of the employer to
> the employee, the employee's legal
> representative, spouse, dependents, next of kin,
> or anyone else entitled to recover damages from
> the employer, at common law or otherwise, on
> account of the injury, **except for sexual
> harassment or sexual assault and infliction of
> emotional distress or invasion of privacy related
> thereto, in which case a civil action may also be
> brought.**

(Emphasis added). Further, Haw. Rev. Stat. § 368-17(b), which

sets forth the remedies for violation of Chapter 368, provides:

"Section 386-5 notwithstanding, a workers' compensation claim or

remedy does not bar relief on complaints filed with the

commission [HCRC]."

## A.    <u>Count VIII</u>

Plaintiff argues that her IIED Claim falls within the

exception of § 386-5 since it is related to discrimination claims

against Hoinsky and Chopivsky.  Plaintiff's IIED claim, in its

entirety, consists of the following allegations:

> 138. Plaintiff incorporates by reference the
> paragraphs above.

> 139. Defendants' actions and omissions against
> Plaintiff as described herein were
> outrageous, unreasonable, intentional, and
> caused Plaintiff severe and substantial
> emotional distress.

> 140. As a result of Defendants' actions, Plaintiff
> has suffered injuries; the associated damages
> of these injuries and emotional distress to

be proven at trial.

> 141. In unlawfully discriminating and retaliating against Plaintiff, Defendants acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of punitive and/or liquidated or exemplary damages against Defendant HBH and Defendant Chopivsky individually.

It is not clear exactly which actions and omissions Plaintiff is referring to in this claim. Insofar as the IIED Claim is related to Hoinsky's discriminatory actions, it is not barred by § 386-5 since she alleges she was sexually harassed by Hoinsky. It is a closer question of whether, if the claim is related to Chopivsky's retaliatory actions, it is preempted. Neither party cites to any case, and this Court is not aware of any, where the court confronted the issue of whether an IIED claim related to a sexual harassment retaliation claim is preempted under § 386-5.[10]

---

[10] This case is different from <u>Chang v. Straub Clinic & Hospital, Inc.</u>, Civil No. 12-00617 DKW-RLP, 2014 WL 47947 (D. Hawai`i Jan. 7, 2014). In <u>Chang</u>, the court found, at summary judgment, that the plaintiff did not state a claim for retaliation because he did not engage in protected activity, there was no nexus between his complaints and adverse actions, and the plaintiff did not rebut the defendant's legitimate non-retaliatory reason for discharging him. <u>Id.</u> at *4-9. Further, the purported protected activity was not based on the reporting of any purported sexual harassment. Thus, the IIED claim in <u>Chang</u> could not have been considered "related to" sexual harassment or assault. The same is true of <u>Shim v. United Air Lines, Inc.</u>, Civ. No. 11-00162 JMS-BMK, 2012 WL 6742529 (D. Hawai`i Dec. 13, 2012), cited in <u>Chang</u>. Likewise, while the cases cited by HBH, <u>Yang v. Abercrombie & Fitch Stores</u>, 128

(continued...)

This Court, however, finds that the better approach is that the Hawai`i worker's compensation law does not preempt IIED claims related to sexual harassment retaliation claims.  First, while some Hawai`i courts do read worker's compensation preemption broadly in certain circumstances, see Yang, 128 Hawai`i at 180, 284 P.3d 946 at 953 (citing Iddings v. Mee-Lee, 82 Hawai`i 1, 15, 919 P.2d 263, 277 (1996)), the Hawai`i Supreme Court has stated repeatedly that the "the exception [to § 386-5] was a remedial provision that must be construed liberally." Nelson v. Univ. of Hawaii, 97 Hawai`i 376, 395, 38 P.3d 95, 114 (2001).  For example, in Nelson, the Hawai`i Supreme Court held that § 386-5 did not bar a claim for **negligent** infliction of emotional distress based on sexual harassment, in part, because it construed the exception liberally.  Id.; see also id. at 394, 38 P.3d at 113 ("Thus, Act 275 [passing the exception] was enacted for a remedial purpose and must be 'construed liberally in order to accomplish the purpose for which it was enacted.'" (some citations omitted) (quoting Alvarez v. Liberty House, Inc., 85 Hawai`i 275, 278, 942 P.2d 539, 542 (1997))).

---

[10](...continued)
Hawai`i 173, 177-83, 284 P.3d 946, 950-56 (Ct. App. 2012), and Adams v. Dole Food Co., 132 Hawai`i 478, 484, 323 P.3d 122, 128 (Ct. App. 2014), discuss the exclusivity of the worker's compensation regime and its exceptions, they do not address sexual harassment or retaliation at all.

Similarly, in <u>Takaki v. Allied Machinery Corp.</u>, 87 Hawai`i 57, 68, 951 P.2d 507, 518 (Ct. App. 1998), the Hawai`i Intermediate Court of Appeals ("the ICA") vacated the circuit court's grant of summary judgment on the plaintiff's IIED claim that was based on unlawful termination, not sexual harassment per se. The ICA reasoned that, "<u>Furukawa</u> would permit Takaki to maintain an action against Appellees for intentional infliction of emotional distress caused by terminating him in violation of HRS § 378-2." <u>Id.</u> (emphasis added); <u>see also</u> <u>Lesane v. Hawaiian Airlines</u>, 75 F. Supp. 2d 1113, 1121 (D. Hawai`i 1999) ("Plaintiff has claimed IIED by **discrimination** in violation of H.R.S. § 378, thus, under Hawaii law, Plaintiff's claim is not barred." (emphasis added))). Thus, courts construe the exception liberally to allow claims that involve an emotional distress component that are based on discrimination claims covered by Chapter 378, not solely based on sexual harassment.

Second, the broad language of § 368-17(b) is consistent with liberal construction of the preemption exception. As quoted above, that subsection allows "complaints filed with the commission," in spite of worker's compensation law. In considering whether the worker's compensation law barred sexual harassment claims, the Hawai`i Supreme Court quoted from § 368-17(b). <u>Furukawa</u>, 85 Hawai`i at 19, 936 P.2d at 655. It held: "The law is explicit that 'a workers' compensation claim or

remedy does not bar relief on claims filed with the commission.'"
Id. (quoting HRS § 368-17(b)).  Since the statutory scheme
permits sexual harassment claims **and** retaliation claims and,
permits IIED claims related to sexual harassment, it would make
little sense to deny IIED claims related to sexual harassment
retaliation claims.

Third, though not binding on this Court, other states
with similar statutory structures allow emotional distress claims
based on retaliation.  See, e.g., deSaulles v. Cmty. Hosp. of
Monterey Peninsula, H033906, 2011 WL 2565381, at *42 (Cal. Ct.
App. June 29, 2011) ("exclusivity provisions do not bar claims
for emotional distress where employee has viable claims for
discrimination **or** retaliation" (emphasis added) (some citations
omitted) (citing Jones v. Department of Corrections &
Rehabilitation (2007) 152 Cal. App. 4th 1367, 1382)).  One
California Court of Appeal explained:

> Workers' compensation exclusivity rests on
> the notion that, as the quid pro quo for swift and
> certain payment on a no-fault basis, workers cede
> the possibly greater recovery that might arise
> from a range of fault-based tort claims.  However,
> exclusivity only extends to conduct which is part
> of the normal risks of the employment
> relationship.[11]  Unlawful discrimination is not
> one of those risks, and so workers' compensation
> exclusivity does not bar emotional distress claims

---

[11] Hawai`i courts use a similar standard to determine
whether an injury is "work-related" and, thus, covered by the
Hawai`i workers' compensation law.  See infra Section III.B.

16

> founded on discrimination.  We see no reason to
> distinguish between an FEHA [Fair Employment and
> Housing Act] discrimination claim and an FEHA
> retaliation claim; in each case, the conduct
> involved is not part of the normal risks attendant
> to the employment relationship.  Thus, because
> Yanowitz's FEHA retaliation claim survives summary
> adjudication, workers' compensation exclusivity
> does not bar her derivative emotional distress
> claim based on that retaliation.

Yanowitz v. L'Oreal USA, Inc., 131 Cal. Rptr. 2d 575, 600-01 (Ct.

App. 2003) (citations omitted), *review granted and opinion*

*superseded*, 69 P.3d 978 (Cal. 2003), *and aff'd*, 36 Cal. 4th 1028,

116 P.3d 1123 (2005).  Although the opinion was superseded, this

Court believes that the reasoning is sound.[12]  There is no reason

to distinguish between discrimination or harassment, on one hand,

and retaliation based on discrimination or harassment, on the

other.

For these reasons, the Court DENIES the HBH Motion as

to Count VIII since Plaintiff's IIED Claim appears, at this early

stage of the litigation, to fall within the exception to the

worker's compensation exclusivity provision.  The Court FINDS,

however, that if the specific events that give rise to Count VIII

concluded before March 28, 2014, the claim is barred by the two-

---

[12] Other federal district courts have shared this position
and cited the Yanowitz decision for this point of law.  See
Angelone v. Seyfarth Shaw, LLP, No. Civ. S-05-2106 FCD JFM, 2007
WL 1033458, at *18 (E.D. Cal. Apr. 3, 2007); Rund v. Charter
Commc'ns, Inc., No. Civ. S-05-00502 FCD GGH, 2007 WL 852035, at
*11 (E.D. Cal. Mar. 20, 2007); Taylor v. Beth Eden Baptist
Church, 294 F. Supp. 2d 1074, 1080 (N.D. Cal. 2003).

year statute of limitations.  <u>See</u> Haw. Rev. Stat. § 657-7

("Actions for the recovery of compensation for damage or injury

to persons or property shall be instituted within two years after

the cause of action accrued, and not after, . . . ."); <u>Rhoades v.</u>

<u>Installation Servs., Inc.</u>, Civ. No. 12-00244 BMK, 2013 WL 398718,

at *6 (D. Hawai`i Jan. 31, 2013) ("This limitations period

applies to Plaintiff's claim for infliction of emotional

distress." (citing <u>Linville v. State of Hawaii</u>, 874 F. Supp.

1095, 1104 (D. Haw. 1994))).

    B.   <u>**Count X**</u>

        Plaintiff does not dispute HBH's argument that Count X

for defamation is preempted by the Hawai`i worker's compensation

regime.  [Mem. in Supp. of HBH Motion at 24-26.]  Instead, she

argues that the claim "should survive for any post-work injuries

suffered after Plaintiff resigned from HBH in February 2012."

[Mem. in Opp. at 21.]  Plaintiff alleges that she was

constructively discharged on February 10, 2012, but that she

continued to work for HBH until May 10, 2012.  [Complaint at

¶ 81.]  She reasons that, to fall within the worker's

compensation law, the injury must "take[] place within the period

of employment" and she was not covered between February 10, 2012

and May 10, 2012.  [Mem. in Opp. at 18 (emphasis and some

citations omitted) (quoting <u>Hough v. Pac. Ins. Co.</u>, 83 Haw. 457,

465, 927 P.2d 858, 866 (1996)).]  Thus, she argues that her

18

defamation claim stands for incidents occurring during that period.

However, when read in its entirety, <u>Hough</u> proves just the opposite. In that case, the Hawai`i Supreme Court recognized it has adopted the "unitary test" for worker's compensation coverage. <u>Hough</u>, 83 Hawai`i at 465, 927 P.2d at 866. Under it, the "work connection approach, simply requires the finding of a causal connection between the injury and any incidents of employment." <u>Id.</u> (citations omitted). The retaliation that occurred between February and May 2012 was clearly incidental to Plaintiff's employment by HBH since it dealt with, for example, a probationary plan, restricting Plaintiff's access to HBH property, and statements regarding her purported improprieties at work. [Complaint at ¶¶ 82-86.] Thus, her defamation claim, including those actions taken between February and May 2012, are preempted by the Hawai`i worker's compensation law.[13] The Court GRANTS the HBH Motion as to Plaintiff's defamation claim, and DISMISSES Count X in its entirety against HBH. Since Plaintiff may arguably amend her allegations to show defamatory actions not incident to her employment with HBH, the dismissal is WITHOUT PREJUDICE.

---

[13] Insofar as Plaintiff has raised this same argument with regard to Counts VIII and XII, the Court rejects it as to those claims as well.

**C.** **Count XII**

Like infliction of emotional distress, invasion of privacy claims "related to" sexual harassment claims are expressly excluded from workers' compensation preemption. See § 386-5. Thus, for the reasons discussed above, *supra* Section III.A., insofar as Plaintiff's defamation claim is related to Hoinsky's harassing behavior or Chopivsky's retaliatory behavior, Plaintiff's privacy claim is not preempted.

In her invasion of privacy claim, she alleges, in part:

> 158. While Plaintiff was employed with Defendant HBH, Defendants repeatedly defamed and maligned Plaintiff by falsely claiming that Plaintiff sabotaged Requests for Proposals with the Child and Adolescent Division (CAMHD) of the Department of Health, had committed criminal acts against HBH, was making reports to various health care organizations to harm HBH's reputation, and had violated HBH company policy regarding hiring, amongst other things. HBH's statements were false and caused harm to Plaintiff's reputation.

[Complaint at ¶ 158.] This allegation appears to relate to Chopivsky's purportedly retaliatory behavior. Thus, similar to Plaintiff's IIED Claim, the Court DENIES the Motion since Plaintiff's invasion of privacy claim plausibly fall within the exception to the worker's compensation exclusivity provision.[14]

---

[14] The Court rejects HBH's argument that <u>Bolla v. University of Hawai`i</u>, No. CAAP-13-0000090, 2014 WL 80554 (Hawai`i Ct. App. Jan. 28, 2014) dictates a contrary outcome. [Mem. in Supp. of
(continued...)

Also, as with Count VIII, the Court FINDS that insofar as the claim is based on events that transpired before March 28, 2014, they are barred.  See Haw. Rev. Stat. § 657-4 ("All actions for libel or slander shall be commenced within two years after the cause of action accrued, and not after."); Shipley v. Hawaii, Civil No. 05-00145 JMS/BMK, 2006 WL 2474059, at *3 (D. Hawai`i Aug. 24, 2006) ("Though there is no case law discussing what statute of limitations applies to a false light invasion of privacy claim, the court concludes that a Hawaii court would apply HRS § 657-4 to false light claims given their similarity to defamation claims.").

## IV.  **Count IX**

This Court previously addressed the parties' arguments regarding Plaintiff's Parnar Claim in the Chopivsky Order.  2014 WL 4662378, at *8-10.  The Court here incorporates that analysis by reference.  The Court concluded that Plaintiff failed to state

---

[14](...continued)
HBH Motion at 33-34.]  The statement of the law, that the exception only applies to "invasion of privacy related to sexual assault or sexual harassment – not invasion of privacy generally," [id. (quoting Yanq, 128 Hawai`i at 177, 284 P.3d at 950),] is undisputed, and the opinion does not provide enough facts to determine what the underlying substantive issue was before the court.  HBH has not provided for this Court the circuit court order, and it is not readily available.  See Local Rule LR7.6 ("If citation is made to an authority that is not easily available through Westlaw, Lexis/Nexis, or a comparably accessible service, two (2) courtesy copies of the authority shall be submitted to the court concurrently with the document containing the citation.").

a claim against Chopivsky because the claim was: (1) time-barred and, even if it had not been; (2) Chopivsky was not Plaintiff's employer; and (3) Plaintiff failed to provide a public policy sufficient to bring the claim within the narrow class of cases covered by <u>Parnar</u>.  Reasons (1) and (3) apply with equal force to HBH.  Thus, the Court GRANTS the HBH Motion as to Plaintiff's <u>Parnar</u> Claim and DISMISSES Count IX WITH PREJUDICE against HBH.

## V.    **Count XI**

HBH argues that Plaintiff fails to state a claim as to Count XI for intentional interference with prospective business advantage.  The Hawai`i Supreme Court has held:

> The elements of the tort of intentional interference with prospective business advantage are:
>
> > (1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; (2) knowledge of the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy; (4) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and (5) actual damages.

<u>Minton v. Quintal</u>, 131 Hawai`i 167, 191, 317 P.3d 1, 25 (2013) (citations omitted).  "The first element requires **a colorable economic relationship between the plaintiff and a third party**

22

with the potential to develop into a full contractual relationship.  The prospective economic relationship need not take the form of an offer but **there must be specific facts proving the possibility of future association**." Id. (emphases in Minton) (citations and internal quotation marks omitted).

Plaintiff here alleges:

> In March through May 2012, Defendants additionally made threats to Plaintiff and prospective employers regarding Plaintiff's attempts to seek employment in the behavioral health field in Hawaii.  Defendants claimed they were enforcing a non-compete agreement, however, no such enforceable agreement existed with respect to Plaintiff's work in the behavioral health area. Defendants' threats interfered with Plaintiff's ability to find employment in Hawaii after her departure from HBH.

[Complaint at ¶ 87.]  Plaintiff argues that this allegation is sufficient to state a claim.  The Court disagrees.

Plaintiff has not alleged an expectancy that is "definite, specific, and capable of acceptance."  That is, she has not pled a colorable relationship" or "specific facts proving the possibility of future association."  See Minton, 131 Hawai`i at 191, 317 P.3d at 25.  She has not named the organizations with which she had prospects, her relationship and/or communications with those organizations, or any specific facts that led her to believe that her prospects were soured by Chopivsky.  While the Court finds that Plaintiff fails to state a claim, it is arguably possible for Plaintiff to cure these defects.  The Court,

23

therefore, GRANTS the HBH Motion as to Count XI, and DISMISSES it WITHOUT PREJUDICE against HBH.

## VI. Summary

The Court therefore GRANTS IN PART AND DENIES IN PART the HBH Motion. It DISMISSES WITH PREJUDICE as to HBH: Count II for discrimination pursuant to Haw. Rev. Stat. § 378-2; Count VI for failure to pay wages under Haw. Rev. Stat. Chapter 388, insofar as Plaintiff seeks unpaid vacation and sick leave; and Count IX for constructive discharge against public policy. It DISMISSES WITHOUT PREJUDICE as to HBH: Count VII for wrongful termination/constructive discharge; Count X for defamation; and Count XI for interference with prospective economic advantage. The Court DENIES the HBH Motion on all other grounds.

To the extent that Plaintiff desires to add new parties, claims, or theories of liability to the Complaint, she has until **December 19, 2014** to move the magistrate judge to do so. To the extent that she wants to amend the Complaint to modify the claims that have been dismissed without prejudice herein, and in the Chopivsky Order, see 2014 WL 4662378, at *11, she has until **November 19, 2014** to do so.

## CONCLUSION

On the basis of the foregoing, HBH's *Amended* Motion for Partial Dismissal of Complaint Filed on March 28, 2014, filed

June 30, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2014.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RAELYNN J. HILLHOUSE VS. HAWAII BEHAVIORAL HEALTH, ET AL; CIVIL 14-00155 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HAWAII BEHAVIORAL HEALTH, LLC'S AMENDED MOTION FOR PARTIAL DISMISSAL OF COMPLAINT FILED ON MARCH 28, 2014**