IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAELYNN J. HILLHOUSE, | ) | CIVIL 14-00155 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII BEHAVORIAL HEALTH, LLC; GEORGE CHOPIVSKY, JR. in his individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANTS' OBJECTIONS TO AND APPEAL
FROM THE MAGISTRATE JUDGE'S AUGUST 13, 2015 ORDER
[DOC 105] GRANTING THE MOTION TO EXTEND PLAINTIFF'S EXPERT
WITNESS DISCLOSURE DEADLINE, FILED JULY 29, 2015 [DOC 94]**

Before the Court is Defendants Hawaii Behavioral Health, LLC and George Chopivsky, Jr.'s, in his individual capacity, ("Defendants") Objections to and Appeal from the Magistrate Judge's August 13, 2015 Order [Doc 105] Granting the Motion to Extend Plaintiff's Expert Witness Disclosure Deadline, Filed July 29, 2015 [Doc 94] ("Appeal"), filed on August 27, 2015.  [Dkt. no. 114.]  Plaintiff Raelynn J. Hillhouse ("Plaintiff") filed a memorandum in opposition on September 10, 2015, and Defendants filed a reply on September 21, 2015.  [Dkt. nos. 121, 127.]

The Court has considered the Appeal as a non-hearing matter pursuant to Rule 7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Appeal,

supporting and opposing memoranda, and the relevant legal authority, the Appeal is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background of this case is familiar to the parties, and the Court will only discuss the issues relevant to the Appeal. On July 29, 2015, Plaintiff filed a Motion to Extend Plaintiff's Expert Witness Disclosure Deadline ("Motion"). [Dkt. no. 94.] The Motion requested an extension of the deadline for expert witness disclosures from August 17, 2015 to September 17, 2015, "or a later date as the Court sees fit." [Motion at 2.] At a hearing on August 13, 2015, the magistrate judge granted the Motion. [Dkt. no. 105.] Defendants brought the instant Appeal pursuant to Fed. R. Civ. P. 72 and Local Rule 74.1.

Defendants argue that, because Plaintiff did not show "diligence in her retention and preparation of experts," she did not demonstrate the requisite "good cause" for granting the Motion. [Appeal at 2.] A showing of diligence requires more than mere words, and the moving party must "**demonstrate the efforts made to retain and prepare the expert**." [Id. at 15 (emphasis in original).] Further, Defendants submit that the magistrate judge wrongfully considered a lack of prejudice as partial justification for granting the Motion. [Id. at 21.]

Plaintiff argues that the magistrate judge's ruling was correct, and should not be reversed. [Mem. in Opp. at 1-2.]

**STANDARD**

This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057,1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).
>
> The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576-7[7] (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).
>
> "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

Himmelfarb v. JP Morgan Chase Bank, Nat'l Ass'n, CV. No. 10-00058 DAE-KSC, 2011 WL 4498975, at *2 (D. Hawai`i Sept. 26, 2011).

**DISCUSSION**

Fed. R. Civ. P. 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). For diligence, this Court has stated that

> relevant inquiries include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent.

Coles v. Eagle, Civil No. 09-00167 LEK-BMK, 2013 WL 1856002, at *2 (D. Hawai`i Apr. 30, 2013) (some citations omitted) (quoting Jiminez v. Sambrano, No. 04cv1833 L(PCL), 2009 WL 937042 at *2 (S.D. Cal. Apr. 6, 2009)).

The magistrate judge's decision was reasonable, and was not clearly erroneous. At the hearing on Plaintiff's Motion, the magistrate judge inquired as to the experts that Plaintiff was "thinking about getting in this case," and Plaintiff informed the magistrate judge that she had "talked to experts" related to "economic damages," "fair employment," "emotional distress," and "may have to seek out a CPA." [Trans. of 8/13/15 hearing on Motion ("Hrg. Trans."), filed 8/26/15 (dkt. no. 113), at 3.] Further, when Defendants asserted that granting the Motion would

4

be contrary to Ninth Circuit case law, the magistrate judge noted the extensive motions practice in the case and the fact that "document discovery . . . has been ongoing" and "how much of that, really impacts on these experts, I think it's hard to say." [Id. at 6-7.]  Finally, in granting the Motion, the magistrate judge explained,

> I'm giving them the benefit of the doubt on their need to acquire the information sufficient to prepare their experts, which I think meets the standard you are referring to, and because I'm indicating that they've given me enough reason to believe that because of the recent and ongoing document discovery – and I would sort of throw in where you've been going in this case too – that this doesn't require, you know, simply saying, . . . you can stay with this deadline, you're cutoff, and you can't extend it.

[Id. at 7.]  Thus, the magistrate judge considered both Plaintiff's efforts to retain experts and discovery issues that gave rise to the need for amendment, and found that there was good cause sufficient to grant the Motion.  This Court is in no position to second guess the magistrate judge's finding on this matter.  See, e.g., Estate of Tungpalan v. Crown Equip. Corp., Civil No. 11-00581 LEK-BMK, 2013 WL 2897777, at *6 (D. Hawai`i June 12, 2013) ("The magistrate judge found that, based on the totality of the circumstances of this case, Plaintiffs had been diligent and good cause existed.  In light of the high threshold to establish that a finding of fact is clearly erroneous, this

Court cannot say that the magistrate judge's finding of good cause was clearly erroneous." (citation omitted)).

To the extent that Defendants challenge the magistrate judge's ruling based on it being "contrary to law," see Appeal at 21 ("Although Plaintiff and the Magistrate Judge appear to cite a lack of prejudice" (emphasis omitted) (footnote omitted)); Reply at 13 ("Plaintiff's (and the Magistrate Judge's) reliance upon the lack of prejudice is contrary to law because it is not the standard for 'good cause.'"), this argument also fails. While the magistrate judge considered that granting the Motion would not "result in any delay," [Hrg. Trans. at 7,] it is clear to the Court that this was neither the basis nor focus of his decision. See, e.g., Faith Action for Cmty. Equity v. Hawaii, Civil No. 13-00450 SOM/RLP, 2015 WL 2124986, at *3 (D. Hawai`i May 5, 2015) ("Although the existence or degree of prejudice to the party opposing the modification might supply an additional reason to deny a motion to modify a scheduling order, the focus of the inquiry is on the moving party's reasons for seeking modification." (citing Johnson, 975 F.2d at 609)). Defendants' Appeal is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Defendants' Objections to and Appeal from the Magistrate Judge's August 13, 2015 Order [Doc 105] Granting the Motion to Extend Plaintiff's Expert

Witness Disclosure Deadline, Filed July 29, 2015 [Doc 94], filed August 27, 2015, is HEREBY DENIED.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, OCTOBER 29, 2015



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**RAELYNN J. HILLHOUSE VS. HAWAII BEHAVIORAL HEALTH, LLC, ET AL; CIVIL 14-00155 LEK-BMK; ORDER DENYING DEFENDANTS' OBJECTIONS TO AND APPEAL FROM THE MAGISTRATE JUDGE'S AUGUST 13, 2015 ORDER [DOC 105] GRANTING THE MOTION TO EXTEND PLAINTIFF'S EXPERT WITNESS DISCLOSURE DEADLINE, FILED JULY 29, 2015 [DOC 94]**